IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO, JR., ) | |
| AIS 117395, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:23-CV-163-MHT-CSC |
| ) | |
| ALABAMA BOARD OF PARDONS & ) | |
| PAROLES, et al., ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.     INTRODUCTION**

Petitioner James McConico, Jr., is an inmate incarcerated at the Bibb Correctional Facility in Brent, Alabama, serving a life sentence for murder entered against him by the Circuit Court for Jefferson County. Doc. 1.[1] He filed this action using this Court's standard form for habeas petitions brought under 28 U.S.C. § 2241.[2] In his petition, McConico alleges an unconstitutional denial of parole. Upon review, the Court concludes the petition

---

[1] *See also* Alabama Trial Court System hosted at www.alacourt.com. This Court may take judicial notice of its own records, as well as those of state courts. *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999); *Paez v. Sec'y, Fla. Dep't of Corrs.*, 947 F.3d 649, 651-52 (11th Cir. 2020); *see also Keith v. DeKalb Cnty. Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (noting that "[w]e take judicial notice of [the state's] Online Judicial System.") (*citing* Fed. R. Evid. 201).

[2] Although a habeas petition is authorized by § 2241, it also is governed by 28 U.S.C. § 2254 because petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

is due to be transferred to the United States District Court for the Northern District of Alabama.[3]

## II. DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, a petition for writ of habeas corpus under 28 U.S.C. § 2241 may be filed either in the federal district court for the district of the state court of conviction and sentencing or the federal district court in the petitioner's district of incarceration in that state. Although § 2241(d) has implications for venue, it primarily governs jurisdiction, as it states that "each of such district courts shall have concurrent *jurisdiction* to entertain the application." 28 U.S.C. § 2241(d) (emphasis added). *See Zenteno v. Gipson*, 2014 WL 1795175, at *1–2 (C.D. Cal. 2014); *Swain v. Pate*, 2016 WL 11700914, at *1 (N.D. Fla. Aug. 5, 2016) (applying venue provisions of § 2241(d) to § 2241 petition challenging decision denying parole).

McConico was convicted of murder in the Circuit Court for Jefferson County, and that court imposed the state sentence he is serving. Jefferson County is located within the

---

[3] McConico has submitted an application for leave to proceed *in forma pauperis.* Doc. 2. However, the Court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

federal judicial district of the United States District Court for the Northern District of Alabama. When McConico filed his § 2241 petition, he was incarcerated at the Bibb County Correctional Facility and remains incarcerated there.[4] The Bibb Correctional Facility is also located within the federal judicial district of the United States District Court for the Northern District of Alabama. Thus, under 28 U.S.C. § 2241(d), the United States District Court for the Northern District of Alabama has jurisdiction to entertain McConico's § 2241 petition.

Although McConico's petition challenges matters associated with a decision by the Alabama Board of Pardons and Paroles to deny him parole, and the Board is located in Montgomery, Alabama, within the federal judicial district of the United States District Court for the Middle District of Alabama, this Court does not have jurisdiction to entertain McConico's § 2241 petition because the Board is not a "State court" as provided in § 2241(d) and the Board did not "convict and sentence" McConico as provided in § 2241(d). *See Carmona v. Andrews*, 357 F.3d 535, 538–39 (5th Cir. 2004). *See also Mann v. Crabtree*, 2018 WL 1354795, at *2 (M.D. Ala. 2018), *report and recommendation adopted*, 2018 WL 1352169 (M.D. Ala. 2018) (following *Carmona*); *Conners v. Alabama Bd. of Pardons & Paroles*, 2017 WL 5634160, at *3 (M.D. Ala. 2017), *report and recommendation adopted*, 2017 WL 5633260 (M.D. Ala. 2017) (same).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which

---

[4] *See* www.http://www.doc.state.al.us/InmateHistory (last visited May 18, 2023).

the action could have been brought when it was filed. Because McConico is proceeding pro se and seeks habeas corpus relief, the Court finds it is in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631 for review and determination.[5]

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

Further, it is ORDERED that by **June 2, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

---

[5] In recommending the transfer of McConico's petition, this Court expresses no opinion on the merits of his claims.

1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 19th day of May 2023.

                                        /s/ Charles S. Coody
                                   CHARLES S. COODY
                                   UNITED STATES MAGISTRATE JUDGE