# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JAMES MCCONICO, JR.,** | ) |
| Petitioner, | ) |
| v. | ) Case No.: 7:23-cv-00780-RDP-JHE |
| **CHRISTOPHER GORDY, et al.,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On August 26, 2024, the Magistrate Judge entered a Report and Recommendation recommending that James McConico, Jr.'s petition for a writ of habeas corpus (1) be denied and dismissed with prejudice as to his claims relating to his 2018 parole denial, and (2) be dismissed without prejudice as to Petitioner's claims relating to his 2023 parole denial. (Doc. # 35). Respondents objected to the Report and Recommendation contending the 2023 parole denial claims should be dismissed with prejudice. (Doc. # 36). Although the Magistrate Judge provided Petitioner with additional time to respond to both the Report and Recommendation and Respondents' objections (*see* docs. # 37 & 39), the court has not received any objections from Petitioner.

As discussed in the Report and Recommendation, Petitioner faces a one year statute of limitations to file a federal habeas petition. (*See #* Doc. 35 at 8-9) (citing 28 U.S.C. § 2244(d)(1)). That statute of limitations begins to run from one of several possible dates depending on the claim asserted. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). For a parole denial claim, the statute of limitations begins to run on the date on which parole was denied. *See Day v. Hall*, 528 F.3d 1315, 1317 (11th Cir. 2008) (beginning the count on "the date the Parole Board denied the second consideration for

parole."); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). But a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Once the limitations period expires, a state application for collateral review has no effect on the timeliness of a future federal habeas petition; that is, there is nothing left to toll of the limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). *See also Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

With regard to Petitioner's first parole, the Magistrate Judge determined that the denial occurred on February 28, 2018. (Doc. # 25-3). Petitioner filed four state petitions for certiorari, but by the time his second petition was filed, there had been more than 365 days where no state post-conviction proceedings were pending. Petitioner's deadline to challenge the 2018 parole denial through a federal habeas petition ran on January 22, 2020. (Doc. # 35 at 9). This petition was not filed until March 27, 2023, more than one year later. Thus, the Magistrate Judge recommended that Petitioner's claims related to his 2018 parole denial be denied.

The Magistrate Judge determined that Petitioner had failed to exhaust his claims concerning the 2023 parole denial. (Doc. # 35 at 10-11). Since it might have been possible for Petitioner to raise those claims in state court, the Magistrate Judge recommended that those claims should be dismissed without prejudice to permit Petitioner an opportunity to exhaust them as appropriate. (*Id.*). Respondents' objection is that the one year statute of limitations to file a federal habeas petition as to the 2023 parole denial claims, *see* 28 U.S.C. § 2244(d)(1), passed while this petition was under submission. (Doc. # 36 at 3-5). Therefore, they argue that any *future* habeas petition would be time-barred. (*Id.* at 3-5).

Respondents acknowledge in their objection, however, that they did not raise the statute of limitations in their answer to the petition. There was a good reason for that. At the time they filed the answer, the limitations period had not yet run. (*Id.* at 4-5). The Magistrate Judge had no obligation to *sua sponte* consider the statute of limitations as it applies to the 2023 parole denial. *Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition."). Respondents are therefore incorrect that the Magistrate Judge erred by failing to consider that issue. (*See* Doc. # 36 at 3).[1]

Petitioner was denied parole on April 18, 2023. (*See* Doc. # 35 at 5; Doc. # 25-4). Thus, the statute of limitations expired as of April 19, 2024. Again, Petitioner filed this federal habeas petition on March 27, 2023, before the statute of limitations expired, and before the April 18, 2023 parole denial itself. (*See* Doc. 1; Doc. 35 at 5-6). Petitioner chose to raise his claims concerning the 2023 parole denial through amendments to this petition (*see* Docs. 9 & 10) rather than by seeking review in state court. The Magistrate Judge correctly concluded that the court cannot grant the petition as to any claims based on the 2023 parole denial because those claims were not exhausted in state court. (*See* Doc. # 35 at 10-11).[2]

The court has considered the entire file in this action, together with the Report and Recommendation and Respondents' objections, and has reached an independent conclusion that

---

[1] Although the court's independent review shows that Respondents are correct that the *federal* limitations period has now elapsed as to claims related to the 2023 parole denial, as the court indicated above, it might be possible for Petitioner to raise those in state court.

[2] Respondents may raise the statute of limitations arguments regarding the April 18, 2023 parole denial if Petitioner attempts to refile after exhaustion. But, the court will not issue what would essentially be an advisory opinion on that issue.

the Report and Recommendation is due to be adopted and approved. The court **OVERRULES** Respondents' objection as to the claims related to the 2023 parole denial. Accordingly, (1) the petition for a writ of habeas corpus as to the 2018 parole denial is due to be denied and dismissed with prejudice, and (2) the petition for a writ of habeas corpus as to the 2023 parole denial is due to be dismissed without prejudice. A separate order will be entered.

    **DONE** and **ORDERED** this September 27, 2024.

                                                        **R. DAVID PROCTOR**
                                                        CHIEF U.S. DISTRICT JUDGE